IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAVERNE BERRYHILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-13-474-W |
| | ) | |
| PRESIDENT OF OKLAHOMA CITY, OKLAHOMA N.A.A.C.P.; VICKI MILES-LaGRANGE; ROZIA McKINNEY-FOSTER; LYNELL HARKINS; EDWARD EVANS; LARRY FOSTER JR.; JOYCE JACKSON; JOHN DOE-BLACK OKLAHOMA MALE PAROLE BOARD MEMBER; TAMMY BASS-LESURE, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

I.  **State court petition.**

Plaintiff Laverne Berryhill,[1] a state inmate appearing pro se, initiated this 42 U.S.C. § 1983 claim in the District Court of Oklahoma County. Doc. 1, Ex. 2. He named – and labeled – nine Defendants, each in their individual capacities: (1) John Doe, president of the Oklahoma City office of the NAACP, (2) Vicki

---

[1] This report reflects Plaintiff's name as spelled in Oklahoma Department of Corrections records. http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&doc_num=91467&offender_book_id=4412\

Miles-LaGrange, Black Civil Activist, (3) Rozia McKinney-Foster, Black Civil Activist, (4) Lynell Harkins, Black Civil Activist, (5) Edward Evans, Black Civil Activist, (6) Larry Foster, Jr., Black Civil Activist, (7) John Doe, Black Civil Activist, (8) Joyce Jackson, Black Civil Activist and, (9) Tammy Bass-LaSure, Black Civil Activist. *Id.*[2] Plaintiff alleges "these Black American RICO Organized Enemy Combatant Black Terrorists,"[3] *id.* at 1,[4] conspired to conceal evidence of his actual innocence and of the fact that he had been kidnapped and held hostage for over twenty-two years and, additionally, that they carried out their conspiracy to kidnap, rob, and hold Plaintiff in slave labor in violation of the Eighth, Thirteenth, and Fourteenth Amendments. *Id.* at 3-4. Plaintiff – alleging severe pain and suffering, mental anguish, and emotional distress – seeks one billion dollars in compensatory damages and three billion dollars in punitive damages from each Defendant. *Id.* at 10.

## II. Removal to Federal court.

Pursuant to 28 U.S.C. § 1442(a)(1), the U. S. Attorney removed Plaintiff's

---

[2] Plaintiff appears to additionally identify Defendant Bass-LaSure as a Black representative and/or as a Black Oklahoma County District Judge. Doc. 1, at Ex. 2, at 3.

[3] Unless otherwise indicated, quotations in this report are reproduced verbatim.

[4] Page citations to the complaint are in sequential order and reflect this court's CMECF pagination.

case to this court based on Defendants Miles-LaGrange and McKinney-Foster's status as "officers and/or employees of the United States or an agency of the United States sued in their official or individual capacity, for acts while acting under color of office." Doc. 1, at 2.[5] United States District Judge Lee R. West then referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 6. Consistent with the requirements of 28 U.S.C. § 1915A(a), the undersigned promptly reviewed Plaintiff's petition – now, complaint – and, based on that screening, recommends that Plaintiff's action be dismissed as frivolous pursuant to the provisions of 28 U.S.C. § 1915(A)(b)(1).

## III. Analysis.

### A. Standard for initial screening.

"[A]s soon as practicable after docketing," a court must review a complaint filed by a prisoner against a governmental entity or officer or employee of a governmental entity to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). A complaint is frivolous if it lacks an arguable

---

[5] Plaintiff alleges that "LaGrange & R. Foster are now acting as my slave gate keepers as Assist. U.S. Atty. & Chief U.S. Dist. Judge[.]" Doc. 1, at Ex. 2, at 5.

3

legal basis or contains fanciful factual allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### B. Plaintiff's complaint is frivolous.

Measured by these standards, this complaint is frivolous. Plaintiff's factual allegations are irrational, conspiracy-laced invectives. He accuses Defendants Miles-LaGrange and McKinney-Foster – who "sold their souls to Ku Klux Klan mentality White Oklahomans to become their token n******" – of using their offices to serve as his "slave gatekeepers," aware that his federal habeas corpus case "was adjudicated & affirmed at a Ku Klux Klan gathering . . . ." Doc. 1, Ex. 2, at 5-6. In this same vein, Plaintiff alleges that Defendants Evans, Larry Foster, and Jackson are his "slave gatekeepers" at the Department of Corrections, holding him under "life threatening conditions of confinement." *Id.* at 6. He claims that Defendants Harkins and Doe, "knowing of [Plaintiff's] kidnap, attempted murder, robbery RICO race hate for over 22 years situation," are his "slave gatekeepers at [his] parole hearings . . . ." *Id.* The Defendant NAACP president "is conspiring to not expose [Plaintiff's] 22 years race hate situation in OKC . . . ." *Id.*

4

Plaintiff's factual claims are "wholly incredible." *Denton*, 504 U.S. at 33. His complaint is frivolous, and summary dismissal is recommended.

### C. Plaintiff's in forma pauperis status.

The undersigned is aware that Plaintiff was not granted in forma pauperis status prior to removal from State court. Doc. 1, Ex. 3. Before removal, Defendants Evans and Jackson moved to dismiss the petition on the grounds that Plaintiff is ineligible to file a civil suit in Oklahoma without prepayment of all fees. Doc. 3, Ex. 1. The undersigned is likewise aware that Plaintiff is not entitled to proceed without prepayment of fees in this court. *See* Case No. CIV-11-363-W, Doc. 28. In the event this recommendation to summarily dismiss Plaintiff's complaint as frivolous is not accepted and the matter is re-referred, Plaintiff's right to maintain this action without prepayment of filing fees will be addressed.

## IV. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned Magistrate Judge recommends that Plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). Should this recommendation be adopted, the undersigned further recommends that all pending motions be denied as moot.

The parties are advised of their right to object[6] to this Report and Recommendation by June 7, 2013, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to the Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned in this case.

IT IS SO ORDERED this 17th day of May, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

[6] Plaintiff is under filing restrictions in this court. *See* Case No. CIV-11-1513, Doc. 51. Nonetheless, the case at issue was not initiated by Plaintiff but was removed. Under those circumstances, the Clerk will accept and file Plaintiff's objection, if any, to this recommendation.