IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA



FILED
JUN 1 7 2013
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

LAVERN BERRYHILL, )
)
Plaintiff, )
)
vs. ) No. CIV-13-474-W
)
PRESIDENT OF OKL. CITY, )
OK N.A.A.C.P. et al., )
)
Respondents. )

## ORDER

On May 17, 2013, United States Magistrate Judge Suzanne Mitchell issued a Report and Recommendation in this matter and recommended that this action be dismissed and all motions then pending be denied as moot. Although plaintiff Lavern Berryhill, proceeding pro, was advised of his right to object, no objections have been filed within the allotted time. Upon review of the record, the Court concurs with Magistrate Judge Mitchell's suggested disposition of this matter.

Berryhill commenced this lawsuit in the District Court for Oklahoma County, Oklahoma, on March 26, 2013, and named as defendants, as they are described in the state court petition: Vicki Miles-LaGrange, Chief Judge for the United States District Court for the Western District of Oklahoma, Rozia McKinney-Foster, Assistant United States Attorney for the Western District of Oklahoma, President of Oklahoma City Office of N.A.A.C.P. ("NAACP President"), Lynell Harkins, Oklahoma Parole Board Member, Edward Evans, Larry Foster, Jr., John Doe-Black Okl. Male Parole Board Member ("Doe"), Joyce Jackson and Tammy Bass-LeSure (identified as "Tammy Bass-LaSure"). See Doc. 1-2.

In his state court petition, Berryhill alleged that these defendants are "Black Civil Activists," id. at 2-3, and he described the defendants as "Black American RICO Organized Enemy Combatant Black Terrorist[s]." Id. at 1. Berryhill asserted that these individuals, among other things, conspired not only to conceal evidence of his actual innocence, but also to conceal the fact that he had been kidnapped and held hostage for over twenty-two (22) years. Because these defendants allegedly "sold [him] to . . . Ku Klux Klan slave labor[ ] for their own selfish gain," id. at 10, Berryhill prayed for actual damages in the amount of one billion dollars from each defendant and punitive damages in the amount of three billion dollars from each defendant. See id.

Because defendant McKinney-Foster is an officer of the United States or an agency of the United States and is sued in her individual capacity for actions that occurred within the scope of her federal duties and because defendant Miles-LaGrange is an officer of the courts of the United States sued in her individual capacity for acts that occurred in the performance of her duties as a federal judge, they removed this matter on May 9, 2013, pursuant to title 28, sections 1442(a)(1) and 1442(a)(3) of the United States Code,[1] respectively. See Doc. 1; Doc. 1-2 at 5 (Foster and Miles-LaGrange "are now acting as my slave gatekeepers as Assist. U.S. Atty. & Chief U.S. Dist. Judge").

The action was referred to Magistrate Judge Mitchell, see Doc. 6, and she conducted the preliminary screening required by title 28, section 1915A(a) of the United States Code because Berryhill sought redress from an officer or employee of a governmental entity. Based upon that screening, Magistrate Judge Mitchell recommended

---

[1] Removal of suits under these sections also requires inter alia the "averment of a federal defense." Mesa v. California, 489 U.S. 121, 139 (1989).

that the matter be dismissed as frivolous pursuant to title 28, section 1915A(b)(1). See Doc. 10 at 3.

A lawsuit may be dismissed pursuant to 1915A(b)(1) "as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)(quotation omitted)(superseded by statute on other grounds); id. at 33 (finding of factual frivolousness is appropriate when "facts alleged rise to the level of the irrational or the wholly incredible"). Claims are "clearly baseless" if they are "based on an indisputably meritless legal theory," Neitzke v. Williams, 490 U.S. 319, 327 (1989)(superseded by statute on other grounds), or allege "infringement of a legal interest which clearly does not exist," id., or if "the defendants are immune from suit." Id. (citation omitted).

In addition to his accusations against defendants Miles-LaGrange and McKinney-Foster, who serve as "slave gatekeepers," Doc. 1-2 at 5, in connection with his federal habeas proceedings in this judicial district, Berryhill alleged in his state court petition that defendants Foster, Evans and Jackson also serve as "slave gatekeepers," id. at 6, at the Oklahoma Department of Corrections and are holding him in solitary confinement under unexplained "retaliatory life threatening conditions . . . ." Id.

Defendants Harkins and Doe, who likewise serve as "slave gatekeepers," id., at his parole hearings, are charged with "knowing of [his] kidnap, attempted murder, robbery RICO race hate for over 22 years . . . ." Id. Berryhill alleged that defendant NAACP President "conspir[ed] to not expose [his] 22 years race hate situation in OKC . . . ." Id. Defendant Bass-LeSure, among other things, allegedly conspired "to conceal Brady v.

3

Maryland evidence," id. at 3, and withheld from "legal authorities her[ ] knowledge and evidence of [Berryhill's] . . . race hate kidnap . . . ." Id.

Because the Court finds, as Magistrate Judge Mitchell suggested, that Berryhill's action is frivolous because "it lacks an arguable basis either in law or in fact," Neitzke, 490 U.S. at 325, and should therefore be dismissed pursuant section 1915A(b)(1), the Court

(1) ADOPTS the Report and Recommendation [Doc. 10] filed on May 17, 2013; and in so doing,

(2) deems MOOT the Motion to Dismiss [Doc. 8] filed on May 16, 2013, by defendants Miles-LaGrange and McKinney-Foster;

(3) deems MOOT the Motion for Extension of Time to File Responsive Pleading [Doc. 9] filed on May 16, 2013, by defendants Evans and Jackson;

(4) DENIES Berryhill's "Motion to Strike the Pleading to Remove this Case and for Default Judgment Against the Defendants" [Doc. 13] file-stamped May 23, 2013;

(5) DENIES the relief requested by Berryhill in his submission entitled "Fed.R.Civ.P. Rule 60B-4 Motion Because Newly Discovered Brady v. Maryland Evidence Concealed by this Court in Civil 92-378-T Dictates that CIV-95-700-T was Second & Successive Without Prior Authorization From the 10th Cir." [Doc. 14][2] file-stamped May 23, 2013;

(6) deems discussion of Berryhill's in forma pauperis status unnecessary, see Doc. 12;[3]

---

[2]This paper was filed by the Clerk of the Court in the instant case at the direction of the undersigned because Berryhill listed on this document the number of the state court case, No. CV-2013-615, giving rise to this removed action and because Berryhill referred to and challenged in his state court petition his habeas proceeding, No. CIV-95-700-T, which he has contended "was adjudicated [and] affirmed at a Ku Klux Klan gathering . . . ." Doc. 1-2 at 6.

[3]But see Berryhill v. Oklahoma Department of Corrections, No. CIV-12-279-W.

(7) deems MOOT the motions filed in state court, including

    (a) Evans and Jackson's Motion to Dismiss [Doc. 3-1] filed on April 29, 2013;

    (b) Berryhill's "Emergency Extraordinary Circumstances Severe Imminent Danger Motion for Appointment of Counsel" and "Motion to Supplement this Cause of Action into a 1983 'and' Writ of Habeas Corpus Cause of Action and Add Okl. Co. Dist. Atty. as Respondent" file-stamped April 19, 2013; and

    (c) Berryhill's "Motion to Strike the Pleadings and for Default Judgment," "Motion in Demand that the Okl. Att. Gen. Scott Pruitt and his Assistant Wilson D. McGarry be Charged with Perjury" and "Motion for Emergency Imminent Danger of Physical Harm Emergency Custody Hearing 42 U.S.C.A. § 1985(3) Ku Klux Klan Act & 13th Amend. Slave Custody" file-stamped May 8, 2013; and

(8) because amendment of the allegations in this removed matter would be futile, DISMISSES this action with prejudice.

ENTERED this 17th day of June, 2013.

LEE R. WEST
UNITED STATES DISTRICT JUDGE